# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES R. WEBER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 8900 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| NAVSEEKER, INC. d/b/a THE EVOGI GROUP, TERJE GLOERSTAD, THOMAS L. SMITH and PAPAYA CAPITAL, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, an Illinois resident, alleges that defendant Navseeker d/b/a The Evogi Group ("Evogi"), through its agents, defendants Terje Gloerstad and Thomas L. Smith, fraudulently induced him to invest $250,000.00 in and join Evogi as its CFO. (Compl. ¶¶ 7-20.) He seeks to hold these defendants and Papaya Capital, LLC ("Papaya"), which owns most of Evogi's common stock and is owned by Gloerstad and Smith, liable for violating federal and state securities law and fraud. The case is before the Court on the Federal Rule of Civil Procedure 12(b)(2) motions of Gloerstad, Smith and Papaya ("defendants") to dismiss for lack of personal jurisdiction.[1] For the reasons set forth below, the Court grants Papaya's motion and denies the motions of Gloerstad and Smith.

## Discussion

Though plaintiff has the burden of establishing personal jurisdiction, when jurisdiction is

---

[1] Evogi does not contest the Court's jurisdiction over it.

challenged in a motion to dismiss, "plaintiff need only make a prima facie showing of jurisdictional facts." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). In deciding this motion, the Court accepts the well-pleaded factual allegations in the complaint as true and resolves any factual disputes in plaintiff's favor. *Id.*

Federal courts sitting in diversity may exercise personal jurisdiction over nonresident defendants only if the forum-state court would have such jurisdiction. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois courts can "exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 Ill. Comp. Stat. 5/2-209(c). Because the state and federal standards are not substantively different, *Hyatt*, 302 F.3d at 715, the Court will address only the federal.

This Court can constitutionally exercise personal jurisdiction over defendants if they have sufficient "minimum contacts" with this state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 716 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In the context of this case, defendants have the necessary contacts if they intentionally engaged in the alleged tortious conduct, specifically aimed that conduct at the forum state and knew that "the effects would be felt – that is, the plaintiff would be injured – in the forum state." *Felland*, 682 F.3d at 674-75.

Though Gloerstad and Smith are not citizens of Illinois and have had little contact with the state (*see* Gloerstad's Mem. Law Supp. Mot. Dismiss, Ex. A, Gloerstad Aff. ¶¶ 2-3, 5, 9; Smith's Mem. Law Supp. Mot. Dismiss, Ex. A, Smith Aff. ¶¶ 2-4, 9), plaintiff alleges that his claims arise directly from those contacts. Specifically, he alleges that: (1) Gloerstad and Smith are high-ranking officers and board members of Evogi; (2) Evogi used a recruiting firm to call, fax and email plaintiff

in Illinois to urge him to invest in and join the company; (3) Gloerstad and Smith had phone conversations with plaintiff in Illinois and sent Evogi's financial statements to plaintiff in Illinois; and (4) Gloerstad and Smith intentionally misrepresented the company's economic status and prospects in those phone conversations and financial statements to induce plaintiff to invest in the company. (Compl. ¶¶ 4-5, 8, 10-18.) These alleged contacts are sufficient to support the exercise of personal jurisdiction over Gloerstad and Smith. *See Felland*, 682 F.3d at 677 (holding that out-of-state defendant who allegedly engaged in a course of fraudulent conduct that involved repeatedly communicating with plaintiff in the forum state had sufficient contacts to support the exercise of personal jurisdiction over him).

The next question is whether exercising jurisdiction over Gloerstad and Smith is consistent with "traditional notions of fair play and substantial justice." To answer that question, the Court considers "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* (quotation omitted). However, "a defendant who purposefully has directed his activities at forum residents . . . must present a compelling case that . . . other considerations would render jurisdiction unreasonable" to succeed on a motion to dismiss. *Id.* (quotation omitted).

Neither Gloerstad nor Smith claims that defending an Illinois suit would impose an undue financial or personal burden on him.[2] Moreover, plaintiff has a substantial interest in litigating in

---

[2]In any event, such an argument would be unpersuasive given that they are the top managers of Evogi, which will be defending this suit in this Court.

3

his home state, and the state itself has a substantial interest in adjudicating alleged fraud claims against its citizens. Accordingly, exercising jurisdiction over Gloerstad and Smith would not offend traditional notions of justice and fair play.

Alternatively, Gloerstad and Smith argue that the fiduciary shield doctrine precludes the Court from exercising jurisdiction over them. That doctrine bars the exercise of personal jurisdiction over a defendant whose activities in the forum state were done "solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) (citing *Rollins v. Ellwood*, 565 N.E.2d 1302, 1313-18 (Ill. 1990)). "The shield is withdrawn[, however,] if the agent was acting also or instead . . . to serve his personal interests." *Id.* (quotation omitted). "[T]the critical factor" in determining whether a defendant was furthering his own interests or those of his principal is not his position with the company, but his "status as a corporate shareholder." *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 912-13 (N.D. Ill. 2003); *see Dick Corp. v. SNC-Lavalin Constructors, Inc.*, No. 04 C 1043, 2006 WL 1049724, at *3 & n.7 (N.D. Ill. Apr. 20, 2006) (noting that "the most recent string of cases have allowed high ranking officers with discretionary authority to benefit from the fiduciary shield doctrine so long as they did not have an appreciable ownership interest in the company"); *Benda v. Per-Se Techs., Inc.*, No. 04 C 952, 2004 WL 1375361, at *2 (N.D. Ill. June 17, 2004) ("[T]he determinative factor is the individual's status as a shareholder, not merely as an officer or director.") (quotations omitted); *Cont'l Cas. v. Marsh*, No. 01 C 160, 2002 WL 31870531, at *7 (N.D. Ill. Dec. 23, 2002) (applying the fiduciary shield doctrine to a corporate vice president because "he was not a shareholder and had no financial stake in the company's health"). Thus, "[a] plaintiff wishing to avoid application of the fiduciary shield doctrine needs only to allege in good faith that

4

the actions complained of advanced personal rather than employer interests." *Benda*, 2004 WL 1375361, at *2 (quotation omitted).

Plaintiff's allegations that, at the time of events underlying this suit, Gloerstad and Smith were Evogi's CFO and CEO, respectively, owned 65% of its common stock through their ownership of Papaya, and operated Evogi as a "'ponzi scheme' designed to enable . . . Gloerstad, Smith and Papaya to recoup their money from other recently hired management employees" support the inference that Gloerstad and Smith acted to further their personal interests. (*See* Compl. ¶¶ 4-7.) Therefore, the fiduciary shield does not preclude the Court from exercising jurisdiction over them.

That leaves defendant Papaya. Plaintiff's only allegation with respect to Papaya is that it owns most of Evogi's common stock and is owned by Gloerstad and Smith. (*Id.* ¶ 6.) Plaintiff does not allege that Gloerstad and Smith recruited him to invest in or work for Papaya or were otherwise acting on Papaya's behalf when they committed the alleged fraud. Rather, he affirmatively alleges that Gloerstad and Smith were acting on behalf of and seeking investment in Evogi. (*Id.* ¶¶ 7-17.) Moreover, Papaya is not a citizen of Illinois, does not have an office or employees in Illinois and conducts no business here. (*See id.* ¶ 6; Papaya Mem. Law Supp. Mot. Dismiss, Ex. A, Smith Aff. ¶¶ 4-6); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (stating that "limited liability companies are citizens of every state of which any member is a citizen"). Given the lack of allegations or evidence that Papaya has any contacts with this state, the Court cannot exercise personal jurisdiction over it.

**Conclusion**

For the reasons set forth above, the Court denies Gloerstad and Smith's motions to dismiss for lack of personal jurisdiction [22 & 24], grants Papaya's motion to dismiss for lack of personal jurisdiction [28] and terminates Papaya as a party to this case.

**SO ORDERED.**                                   ENTER: April 25, 2013

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**